UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ROY L. BONNER, JR.,

        Petitioner,

  -against-                                        9:01-CV-1150
                                                                   (LEK/GJD)

M. McGINNIS, Superintendent,

        Respondent.

## MEMORANDUM-DECISION AND ORDER

By Mandate dated January 20, 2005, the United States Court of Appeals for the Second Circuit vacated this Court's dismissal of Roy L. Bonner, Jr.'s petition pursuant to 28 U.S.C. § 2254 and remanded for further consideration in light of Carey v. Saffold, 536 U.S. 214 (2002). For the following reasons, the Court dismisses Bonner's petition as being time-barred.

**I.    BACKGROUND**

Roy L. Bonner, Jr. ("Petitioner" or "Bonner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 17, 2001. Dkt. No. 1. In his petition, Bonner complains of a judgment of conviction rendered in Onondaga County Court wherein he was found guilty after a jury trial of burglary, assault, aggravated criminal contempt, criminal mischief, attempted assault, criminal trespass, and criminal possession of a weapon. Petitioner was sentenced to a term of thirteen-and-one-half to twenty-nine years imprisonment. The New York State Supreme Court, Appellate Division, Fourth Department affirmed the conviction, and the New York State Court of Appeals denied leave to appeal on March 5, 1999. Petitioner then filed a motion to challenge his conviction pursuant to New York Criminal Procedure Law § 440 on February 18,

1

2000 (the "§ 440 motion"). The § 440 motion was denied on June 5, 2000, and Petitioner's August 21, 2000 request for leave to appeal from the § 440 decision was denied on February 23, 2001.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that federal habeas petitions challenging a judgment of a State Court are subject to a one year statute of limitations. Specifically, 28 U.S.C. § 2244(d) reads:

> (1) A one year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A judgment of conviction becomes final at the conclusion of the ninety days during which the party could have sought certiorari in the United States Supreme Court. Hughes v. Irvin, 967

F. Supp. 775, 778 (E.D.N.Y. 1997) (citing Rule 13 of Rules of the Supreme Court of the United States); Allen v. Hardy, 478 U.S. 255, 258 n. 1 (1986) (decision becomes final "where the availability of appeal [is] exhausted, and the time for petition for certiorari ha[s] elapsed.").

28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for State post-conviction review is pending shall not be counted toward any period of limitation. "[A] state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." Bennett v. Artuz, 199 F.3d 116, 120 (2d Cir. 1999). "The filing of a § 440 motion tolls the limitations period until the Appellate Division either decides the motion on appeal or denies an application for leave to appeal from the denial of the motion." Doyle v. Yelich, 05-CV-2750, 2005 U.S. Dist. LEXIS 22758, at *3 (E.D.N.Y. Oct. 7, 2005) (citing Carey v. Saffold, 536 U.S. 214 (2002)); see also Rodriguez v. Portunodo, 01 Civ. 547 (GEL), 2003 U.S. Dist. LEXIS 22660, at *5 (S.D.N.Y. Dec. 15, 2003); Brown v. Duncan, 9:00-CV-0242, 2003 U.S. Dist. LEXIS 9322, at *10-*11 (N.D.N.Y. June 4, 2003) (Sharpe, M.J.). "Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000).

Since the Court of Appeals denied Petitioner leave to appeal on March 5, 1999, Petitioner's conviction became final ninety days later on June 3, 1999. As a result, Petitioner's period of limitation under 28 U.S.C. § 2244(d) expired one year later, on June 3, 2000, except to the extent that it was tolled by Petitioner's § 440 motion. Based upon the information provided by Petitioner, the statute of limitations ran for two hundred sixty (260) days from June 3, 1999

3

until February 18, 2000, when Petitioner filed his § 440 motion. Under Carey v. Saffold, 536 U.S. 214 (2002), the time from which Petitioner filed his § 440 motion on February 18, 2000 until the Appellate Division denied Petitioner leave to appeal the denial of his § 440 motion on February 23, 2001 is not counted toward the period of limitation.[1] The period of limitation began to run again on February 23, 2001 and expired one hundred five (105) days later on June 7, 2001. The present petition, which was filed with the Court on July 17, 2001[2], is therefore time-barred under the AEDPA and must be dismissed.

Accordingly, it is hereby

ORDERED that the petition is **DISMISSED** as time-barred; and it is further

ORDERED that the Clerk of the Court shall serve copies of this order by regular mail upon the parties to this action.

IT IS SO ORDERED.

DATED:     January 26, 2006
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

[1] In this Court's October 26, 2001 Order, the Court noted that in Robinson v. Ricks, 163 F. Supp. 2d 155 (E.D.N.Y. 2001), *vacated*, 56 Fed. Appx. 7 (2d Cir. 2003), the Eastern District of New York found that the statute of limitations period was not tolled during the interval between disposition of a § 440 motion and the filing of an application for leave to appeal, but that the Second Circuit had not yet addressed the question. Decision (Dkt. No. 5) at 2 n. 2. The Court went on to find that even if the entire period had been tolled, the period of limitation expired on June 7, 2001. Id. at 2.

[2] Bonner signed but did not date his petition. Bonner's *in forma pauperis* application bears a date of June 12, 2001. Docket No. 2.